**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4550**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

KAREEM A. SAUNDERS,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:06-cr-00399-JCC)

Submitted: April 18, 2008          Decided: May 2, 2008

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. O'Brien, CROWELL & MORING, LLP, Washington, D.C., for Appellant.  Chuck Rosenberg, United States Attorney, Dennis M. Fitzpatrick, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kareem Abdule Saunders appeals his convictions after a jury trial of one count of conspiracy to distribute fifty grams or more of crack cocaine and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000), and two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000).  We affirm.

Saunders first asserts that the district court committed reversible error in the instruction it gave in response to a question from the jury regarding the definition of conspiracy.  This court has previously held that:

> [I]n responding to a jury's request for clarification on a charge, the district court's duty is simply to respond to the jury's apparent source of confusion fairly and accurately without creating prejudice.  The particular words chosen, like the decision whether to issue any clarification at all, are left to the sound discretion of the district court.

United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995)(internal citations omitted).  This court has recognized that "the focus of a conspiracy charge is the agreement to violate the law," and approved the admission of evidence of past drug sales as relevant to a subsequent conspiracy.  United States v. Mills, 995 F.2d 480, 484-85 (4th Cir. 1993); see also United States v. Sullivan, 455 F.3d 248, 261 (4th Cir. 2006).  Our review of the record convinces us that the district court did not abuse its discretion in its response to the jury's question.

Saunders next argues that the district court erred in denying his motion for a new trial based on the Government's alleged failure to disclose impeachment evidence related to Robert Barbour. Our review of the district court's ruling on a motion for a new trial is for abuse of discretion. See United States v. Rhynes, 206 F.3d 349, 360 (4th Cir. 1999) (en banc).

The Due Process Clause requires that the Government disclose to the defense prior to trial any exculpatory or impeaching evidence in its possession. See Giglio v. United States, 405 U.S. 150, 153-55 (1972) (requiring disclosure of evidence affecting the credibility of prosecution witnesses); Brady v. Maryland, 373 U.S. 83, 86-88 (1963) (requiring disclosure of exculpatory evidence). Due process is violated by a failure to disclose, however, only if the evidence in question: (1) is favorable to the defendant, because it is either exculpatory or impeaching; (2) was suppressed by the Government; and (3) is material in that its suppression prejudiced the defendant. See Strickler v. Greene, 527 U.S. 263, 281-82 (1999). Undisclosed evidence is material when its cumulative effect is such that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley, 514 U.S. 419, 433-34 (1995) (internal quotations omitted). A reasonable probability is one sufficient to "undermine confidence" in the outcome. Id. at 434.

We conclude that the district court did not abuse its discretion in denying Saunders' new trial motion.

Saunders next argues that the evidence of Barbour's shooting by another drug dealer, Jade, was improperly admitted by the district court because it was unfairly prejudicial. Under Fed. R. Evid. 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Review of a district court's determination of the admissibility of evidence is for abuse of discretion. See United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). In this case, however, Saunders did not object to Barbour's testimony about the shooting. We therefore review the admission of Barbour's testimony for plain error. United States v. Perkins, 470 F.3d 150, 155 (4th Cir. 2006). Our review of the record leads us to conclude that the district court did not err in admitting the testimony in question.

Saunders' final argument is that the evidence was insufficient to support his conviction on the second firearms count. A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined

to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

Saunders acknowledges that he may be held criminally liable as a co-conspirator for a § 924(c) violation committed by another member of the conspiracy under the Pinkerton[*] doctrine. He asserts, however, that the evidence was insufficient to establish that the firearm was possessed in furtherance of the drug conspiracy. We conclude that this argument is without merit.

---

[*]Pinkerton v. United States, 328 U.S. 640, 646-47 (1946); see also United States v. Cummings, 937 F.2d 941, 943-45 (4th Cir. 1991) (applying Pinkerton to § 924(c) offense).

Accordingly, we affirm Saunders' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>